IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60505
Summary Calendar
_____

MARY SUE HUTCHISON, Widow of
RAY HUTCHISON,

                                                    Petitioner,

versus

PETROLEUM HELICOPTERS, INC.; AMERICAN HOME
ASSURANCE COMPANY; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,

                                                    Respondents.

--------------------
Petition for Review of an Order
of the Benefits Review Board
(00-792)
--------------------
February 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner Mary Sue Hutchison petitions this court, seeking review of the Benefits Review Board's (the "BRB") affirmance of an unfavorable decision of an Administative Law Judge ("ALJ"). The decision in question was issued by the ALJ following the BRB's remand of an earlier decision and dismisses the Petitioner's claim for additional benefits. This time, the BRB interpreted the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petitioner's appeal as taking issue with the ALJ's ruling that her claim is time barred.

The BRB agreed with the ALJ's determination that the Petitioner's claim was not timely filed and thus was time barred. The BRB determined that the only basis advanced by the Petitioner for the timeliness of her filing is a 1981 letter from her lawyer to the lawyer for her deceased husband's employer. Noting that this letter was never filed with the District Director, the BRB reiterated its consistent requirement that, to constitute a claim for purposes of tolling the statute of limitation, it must be filed with the District Director. In addition, the BRB stated that the letter's mention of the possibility of Petitioner's filing a claim if in the future she should become eligible does not constitute the assertion of a claim which, according to the BRB, must assert an immediate right to compensation.

We have reviewed the arguments of counsel and the facts and legal authorities referenced in their appellate briefs, and we have carefully considered the aforesaid decision and order of the BRB. As a result, we are convinced that the BRB's affirmance of the ALJ's denial of Petitioner's claims as time barred is correct for the reasons lucidly explained in the BRB's opinion. We therefore dismiss the instant petition for review for the reasons expressed by the BRB.

PETITION DISMISSED.